UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| L. FOSTER CONSULTING LLC ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> XL GROUP, INC. ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 1:11cv815 (LMB)(JFA) |

**PROPOSED JOINT DISCOVERY PLAN**

Pursuant to this Court's November 9, 2011 Order, L. Foster Consulting LLC ("Foster Consulting") and XL Group, Inc. ("XL Group") (collectively the "Parties") submit this Proposed Joint Discovery Plan. On November 16, 2011, the Parties' counsel of record, Christopher S. Crook for Foster Consulting and Jonathan A. Henry for XL Group, conducted the Fed.R.Civ.P. 26(f) conference and reached the following agreements.

**I.    PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c)(1)(G), the Parties shall submit a stipulated protective order to facilitate production of materials the Parties designate as "confidential." Pursuant to Fed. R. Evid. 502(d), the Parties further agree that the order will provide that inadvertent disclosure of materials for which attorney-client privilege or work-product protection is asserted shall not operate as a waiver of the privilege or protection.

**II.    INITIAL DISCLOSURES**

The Parties agree to serve their respective Fed. R. Civ. P. 26(a)(1)(A) disclosures by December 1, 2011. The Parties further agreeing that a copy of documents, electronically stored

information, and things that a party may use to support its claims or defenses will be produced by December 1, 2011, rather than described by category and location. In the event that a stipulated protective order has not been entered by December 1, 2011, production of the above-referenced materials shall still be made with the understanding that any materials designated "confidential" will not be disclosed to any client representative but instead will be maintained on an attorney eyes and expert eyes only basis until such time as the stipulated protective order is entered (and then only in accordance with the stipulated protective order).

### III.    SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED

Foster Consulting believes the primary factual issue in the case will be the valuation of the Clarity SM system, a pharmaceutical sample management software program. To date, XL Group has produced the following documents which effect this valuation:

- XL Group, Inc.'s Balance Sheet dated June 30, 2011.
- XL Group, Inc.'s General Ledger from August 12, 2009 – June 30, 2011.
- 2009-2010 Reviewed Financials.
- 2009 Tax Returns.
- 2010 Tax Returns.
- Contract with Azur Pharma for sample management services.
- Contract with Cornerstone Therapeutics, Inc. for sample management services.
- Contract with Noven Pharmaceuticals, Inc. for sample management services.

Foster Consulting has also requested but has not yet received additional documents including:

- Copies of additional contracts/contract extensions for Clarity SM.
- Documents regarding the Clarity SM software architecture showing:
    - The network configuration for Clarity SM;
    - The degree of customization required for each client;
    - The update structure/process for Clarity SM; and
    - The functionality of the software.
- Documents showing the scope of the client's ability to interact with Clarity SM.

For this valuation, Foster Consulting also will require a copy of the Clarity SM system in the state it existed at the time of the termination of the joint venture and a copy of Clarity SM as

2

it exists today. Foster Consulting has served written discovery requests on Defendant seeking, among other things, the above mentioned documents.

XL Group believes that the factual issues in this case relate to work the parties performed on the joint venture as well as any profits or losses attributable to the joint venture that were collected or incurred by either party.

## IV. EXPERT DISCLOSURES

Foster Consulting shall provide its expert disclosures required by Fed. R. Civ. P. 26(a)(2) by December 23, 2011. XL Group shall provide its expert disclosures by January 13, 2011. Any rebuttal expert reports shall be provided by February 3, 2011.

## V. OTHER DISCOVERY AGREEMENTS

Pursuant to this Court's November 9, 2011 Order, all discovery will be completed by Friday, February 10, 2011. Each Party may serve up to 30 interrogatories pursuant to Fed. R. Civ. P. 33 and this Court's November 9, 2011 Order. At this time, the Parties do not request leave to serve additional interrogatories or additional depositions beyond the five non-party, non-expert witness depositions provided for in this Court's November 9, 2011 Order.

## VI. CLAIMS OF PRIVILEGE

The Parties shall serve a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) within two weeks after production of documents in response to written discovery requests. The Parties need not identify on a privilege log those documents that constitute attorney work product by its counsel or that otherwise constitute attorney-client privileged communications with counsel of record. If privileged or other protected information is inadvertently produced, the producing Party may by notice assert the privilege or protection and obtain return of the material without a waiver, pursuant to Fed. R. Civ. P. 26(b)(5)(B).

**VII.   PRESERVATION OF DISCOVERABLE INFORMATION**

The Parties represent that appropriate litigation hold policies have been put into effect to preserve potentially relevant documents and electronically stored information in their possession, custody or control.

**VIII.  PRODUCTION OF ELECTRONICALLY STORED INFORMATION**

With respect to production of electronically stored information, the Parties agree that: "ESI" means and refers to computer-generated information or data, of any kind, stored on computers, file servers, disks, tape or other devices or media, whether real, virtual or cloud based; "Metadata" means and refers to data about data, including, without limitation, information embedded in a native file or other data that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage and validity of the electronic file as well as information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system; and "Native Format" means and refers to the format of ESI, whether structured or unstructured, in which it was generated and as used by the producing party in the usual course of its business and its regularly conducted activities.

The Parties agree that hard-copy documents that exist only in hard-copy form (i.e., a document which was not first generated by a computer, such as handwritten memoranda) may be produced in .pdf form.  The Parties agree that electronic mail or Microsoft Outlook files may be produced as a Bates-stamped multi-page .pdf or single-page TIFF image with cross-reference searchable text load files that will enable each document to be uploaded, viewed and searched with the use of standard litigation support software in Summation, Concordance, Relativity or

other mutually agreeable standard delimited format. Each TIFF image file should be one page and should reflect how the source document would appear if printed to hard copy and shall be named with the unique Bates Number of the page of the document, followed by the extension "TIFF." File names shall not be more than fifteen characters long or contain spaces or underscore symbols.

For all other documents and ESI, including but not limited to Microsoft Word, Microsoft Project, Microsoft Access, Powerpoint, Excel spreadsheet, and/or graphic design files (collectively, "Other Documents"), the Parties agree that the Other Documents may initially be produced as a Bates-stamped multi-page .pdf or single-page TIFF image with cross-reference searchable text load files that will enable each document to be uploaded, viewed and searched with the use of standard litigation support software in Summation, Concordance, Relativity or other mutually agreeable standard delimited format. Each TIFF image file should be one page and should reflect how the source document would appear if printed to hard copy and shall be named with the unique Bates number of the page of the document, followed by the extension "TIFF." File names shall not be more than fifteen characters long or contain spaces or underscore symbols.

Upon receiving Other Documents, and only upon request, each Party may request that a limited, reasonable number of Other Documents also be produced in their respective Native Format with all associated Metadata intact. To the extent available, the following Metadata fields will be produced: document number or production number; BeginAttach; EndAttach; Title/Subject; Last Modified Date and Time Created Date & Time (for E-docs); Author; Hash Value; File Path; Media (type of media that the document was stored on when collected); Page Count; Original File Name; Document Extension; Full Text; Accessed Date & Time; and Last

Print Date. To the extent redaction is necessary, documents and ESI produced in Native Format may be converted to a TIFF image file with text provided for the non-redacted text. The Parties agree to produce any Native Format documents and accompanying Metadata via metadata load files, with production made by delivery of a CD-ROM, DVD, or portable hard drive.

The Parties agree that, if an original document contains color, the producing party shall be required to produce such document in color, unless the requesting party agrees otherwise. The Parties agree that the production of ESI shall exclude personal files of employees on computers owned personally by the employee and not used for business purposes, and ESI from personal social media accounts such as Facebook or Twitter accounts. The Parties agree to exchange agreed-upon terms with which to search for responsive ESI. The Parties agree that each side shall bear its own costs of producing responsive ESI in its possession, custody or control.

### IX.  SERVICE

The Parties shall serve by electronic mail all disclosures, discovery requests and responses governed by Fed. R. Civ. P. 26–37. The Parties further agree that service by electronic mail will normally be considered as service by hand delivery that same day. However, if service by electronic mail is made after 6:00 p.m. or on a Saturday, Sunday, or legal holiday, service will be deemed to have been made by hand delivery on the next business day. The Parties agree that, with respect to any court filing, service of an electronic filing notice shall be treated as service by U.S. Mail and thus add three days to the deadline for any responsive submissions.

X.  **PRETRIAL DISCLOSURES AND FINAL PRETRIAL CONFERENCE**

Pursuant to the Court's November 9, 2011 Order, the Fed. R. Civ. P. 26(a)(3) pretrial disclosures will be filed by, and the final pretrial conference will be held on, Thursday, February 16, 2012.

XI.  **DISPOSITIVE MOTIONS**

The Parties shall file and serve motions for summary judgment and other potentially dispositive motions by no later than Thursday, February 23, 2012.

XII.  **TRIAL**

Pursuant to the Court's November 9, 2011 Order, trial will be set for a date certain within 4-8 weeks of the February 16, 2012 final pretrial conference. Foster Consulting has requested a jury trial. The Parties anticipate that trial will last 1-2 days, and the Parties do not wish to proceed to trial before a U.S. Magistrate Judge.

XIII.  **SETTLEMENT STATUS**

The Parties have participated in settlement discussions, although those discussions are currently on hold. Foster Consulting believes that the efficient and cost-effective resolution of this case would be well-served by a settlement conference conducted with the assistance of the Court. XL Group agrees that a settlement conference with the Court would be appropriate.

Dated:  November 23, 2011                                  Respectfully Submitted,

_____/s/_____          _____/s/_____
Damon W.D. Wright, Va. Bar # 40319            Jonathan A. Henry, Va. Bar # 80467
Christopher S. Crook, Va. Bar #76636           James T. Phalen, Va. Bar #32725
Venable LLP                                                        King & Spalding LLP
575 7th Street, NW                                            1700 Pennsylvania Ave. N.W.
Washington, DC 20004-1601                          Washington, D.C. 20006
Telephone: (202) 344-4000                              Telephone: (202) 737-0500

Fax: (202) 344-8300  
Email: dwdwright@venable.com  
    cscrook@venable.com

Fax: (202) 626-3737  
Email: jphalen@kslaw.com  
    jhenry@kslaw.com

*Attorneys for L. Foster Consulting LLC.*     *Attorneys for XL Group, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of November 2011, a true and complete copy of the foregoing Proposed Joint Discovery Plan was served via the Court's electronic filing system upon all counsel of record.

                                                                              _____/s/_____  
                                                            Damon W.D. Wright, Va. Bar # 40319  
                                                            Venable LLP  
                                                            575 7th Street, NW  
                                                            Washington, DC 20004-1601  
                                                           Telephone: (202) 344-4000  
                                                           Fax: (202) 344-8300  
                                                           Email: dwdwright@venable.com  
                                                                 cscrook@venable.com

*Attorneys for L. Foster Consulting LLC.*