UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

L. FOSTER CONSULTING, LLC,  )
                            )
                 Plaintiff, )
                            )
v.                          )   Civil Action No. 3:11cv800
                            )
XL GROUP, INC.,             )
                            )
                 Defendant. )

## ANSWER

Defendant, XL Group, Inc. ("XL Group"), by counsel, responds to the allegations of the First Amended Complaint (the "Amended Complaint") as follows:

### JURISDICTION AND VENUE

1. XL Group admits that it entered into a Joint Venture Agreement attached as Exhibit 1. XL Group denies all allegations in the introductory paragraph which is inconsistent therewith. XL Group admits that the Joint Venture ended and that this Action was filed. The remaining allegations contained in the introductory paragraph are denied. To the extent Paragraph 1 asserts legal conclusions, no response is required. XL Group denies any remaining fact allegation in Paragraph 1.

2. XL Group admits that it transacts business in Virginia. To the extent Paragraph 2 asserts legal conclusions, no response is required. XL Group denies any remaining fact allegation in Paragraph 2.

### PARTIES

3. Leah Foster ("Ms. Foster") represented herself to XL Group as having provided consulting services to assist clients in complying with the Prescription Drug Marketing Act

("PDMA") and Controlled Substance Act ("CSA") and as the owner of L. Foster Consulting, LLC ("Foster Consulting"). XL Group lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and on that basis denies them.

   4.  XL Group admits the allegations in Paragraph 4.

   5.  XL Group admits that it provided services to a division of Abbott Laboratories. XL Group denies the remaining allegations in Paragraph 5.

   6.  XL Group admits it had discussions with Foster Consulting regarding automated pharmaceutical sample management. XL Group denies any remaining fact allegation in Paragraph 6.

   7.  XL Group admits that from January to July 2009, Foster Consulting and XL Group extensively discussed working together, that XL Group was aware that Ms. Foster had had experience with PDMA and CSA compliance, and that the discussions focused on providing sample management services and leveraging Ms. Foster's contacts. XL Group denies any remaining fact allegation in Paragraph 7.

   8.  XL Group admits that the parties each brought their own skill set to the Joint Venture. XL Group admits that Exhibit 1 to the Amended Complaint is a true and accurate copy of the Joint Venture Agreement (the "Agreement") between XL Group and Foster Consulting. XL Group asserts that the Agreement speaks for itself and denies any allegation inconsistent with the Agreement. XL Group admits that Exhibit 2 to the Amended Complaint appears on its face to be a printout taken from XL Group's website describing ClaritySM. XL Group asserts that the printout speaks for itself and denies any allegation inconsistent with either the printout or the content of XL Group's website.

9. XL Group admits that Foster Consulting had contacts in the sample pharmaceutical market and PDMA and CSA compliance. XL Group denies the remaining allegations in Paragraph 9.

10. XL Group admits it is a larger organization than Foster Consulting and it offered the goods and services identified in Paragraph 10. XL Group denies the goods and services identified in Paragraph 10 are a compressive list or the only goods and services XL Group offered.

11. XL Group admits that Foster Consulting participated in meetings and that Foster Consulting communicated with XL Group programmers, developers and employees. XL Group denies the remaining allegations in Paragraph 11.

12. XL Group denies a license was sold to Noven Pharmaceuticals ("Noven"). XL Group admits Noven entered into a pharmaceutical sample management services contract on December 22, 2009. XL Group asserts that the contract speaks for itself and denies any allegation inconsistent with the contract. XL Group denies any remaining fact allegation in Paragraph 12.

13. XL Group admits the implementation date of March 1, 2010 for Noven and that implementation work began on May 1, 2010. XL Group denies any remaining fact allegation in Paragraph 13.

14. XL Group admits Cornerstone Therapeutics, Inc., entered into a pharmaceutical sample management services contract on June 2, 2010, with the agreement stating that a mutually agreed upon timeline for implementation would be established. XL Group denies any remaining fact allegation in Paragraph 14.

15. XL Group asserts that its website speaks for itself and denies any allegation inconsistent with the content of XL Group's website. XL Group admits that Exhibit 3 to the Amended Complaint appears on its face to be the trademark application to the United States Patent and Trademark Office for the CLARITYSM mark and its subsequent registration on the Principle Register. XL Group asserts that the application and registration speak for themselves and denies any allegation inconsistent with either the application or registration. XL Group admits Exhibit 4 to the Amended Complaint appears on its face to be a XL Group brochure for ClaritySM. XL Group asserts that the brochure speaks for itself and denies any allegation inconsistent with the brochure. XL Group denies any remaining fact allegation in Paragraph 15.

16. XL Group lack knowledge or information sufficient to form a belief as to the truth of any "issues" or "concerns" alleged in Paragraph 16, and on that basis denies them. XL Group admits Foster Consulting gave notice to terminate the Agreement on July 21, 2010. XL Group asserts that the Agreement speaks for itself and denies any allegation inconsistent with the Agreement.

17. XL Group admits the parties have been in contact since the Agreement was terminated and that the parties have attempted to negotiate on resolving their claims. XL Group denies any remaining fact allegation in Paragraph 17.

18. XL Group asserts that its website speaks for itself and denies any allegation inconsistent with the content of XL Group's website. XL Group denies any remaining fact allegation in Paragraph 18.

19. XL Group admits the parties discussed settlement since the Agreement was terminated. XL Group asserts Agreement speaks for itself and denies any allegation inconsistent with the Agreement. XL Group denies any remaining fact allegation in Paragraph 19.

...

20. XL Group admits the Agreement identifies the party's ownership in the joint venture. XL Group asserts Agreement speaks for itself and denies any allegation inconsistent with the Agreement. XL Group denies any remaining fact allegation in Paragraph 20.

## COUNT I
## BREACH OF CONTRACT

21. XL Group hereby incorporates Paragraphs 1–20 by reference herein.

22. XL Group admits the allegations in Paragraph 22.

23. XL Group denies the allegations in Paragraph 23.

24. XL Group denies the allegations in Paragraph 24.

25. XL Group denies the allegations in Paragraph 25.

## COUNT II
## SPECIFIC PERFORMANCE AND
## ACCOUNTING OF LICENSING REVENUES

26. XL Group hereby incorporates Paragraphs 1–20 by reference herein.

27. XL Group admits the allegations in Paragraph 27.

28. XL Group denies the allegations in Paragraph 28.

29. XL Group denies the allegations in Paragraph 29.

30. XL Group denies the allegations in Paragraph 30.

31. XL Group denies the allegations in Paragraph 31.

## COUNT III
## CONVERSION

32. XL Group hereby incorporates Paragraphs 1–20 by reference herein.

33. XL Group admits the Agreement identifies the party's ownership in the joint venture. XL Group asserts Agreement speaks for itself and denies any allegation inconsistent with the Agreement. XL Group denies any remaining fact allegation in Paragraph 33.

34. XL Group denies the allegations in Paragraph 34.

35. XL Group denies the allegations in Paragraph 35.

36. XL Group denies the allegations in Paragraph 36.

37. XL Group denies the allegations in Paragraph 37.

## COUNT IV
## UNJUST ENRICHMENT

38. XL Group hereby incorporates Paragraphs 1–20 by reference herein.

39. XL Group denies the allegations in Paragraph 39.

40. XL Group denies the allegations in Paragraph 40.

41. XL Group admits the Agreement identifies the party's ownership in the joint venture.  XL Group asserts Agreement speaks for itself and denies any allegation inconsistent with the Agreement.  XL Group denies any remaining fact allegation in Paragraph 41.

42. XL Group denies the allegations in Paragraph 42.

## AFFIRMATIVE DEFENSES

43. Plaintiff's right to recover any benefit is barred or limited by losses caused by Plaintiff's material breach of the Agreement.

44. Plaintiff's claims for relief are barred or limited by the doctrine of acquiescence.

44. Plaintiff's claims for relief are barred or limited by the doctrine of estoppel.

45. Plaintiff's claims for relief are barred or limited by the doctrine of unclean hands.

## PRAYER FOR RELIEF

WHEREFORE, XL Group respectfully requests that this Court enter judgment in XL Group's favor and against Plaintiff and grant XL Group such other and further relief as is just and proper.

Dated: <u>December 13, 2011</u>  Respectfully Submitted,

                                                                XL GROUP, INC.

                                                                  /s/
                                               Mary Elizabeth Davis (VSB No. 41908)
                                               E-mail: mdavis@spottsfain.com
                                               Elliot P. Fitzgerald (VSB No. 76724)
                                               E-mail: efitzgerald@spottsfain.com
                                               Spotts Fain PC
                                               411 East Franklin Street, Suite 600
                                               Richmond, Virginia 23219
                                               Phone: (804) 697-2035
                                               Fax: (804) 697-2135
                                               *Counsel for XL Group, Inc.*

**CERTIFICATE OF SERVICE**

I, hereby certify that on the 13th day of December, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Damon W.D. Wright, Esq.
dwdwright@venable.com
Christopher Scott Crook, Esq.
cscrook@venable.com
Venable LLP
575 7th Street, NW
Washington, DC 20004-1601
Telephone:  (202) 344-4000
Facsimile:  (202) 344-8300
*Counsel for L. Foster Consulting, LLC*

                                           */s/*
                                  Mary Elizabeth Davis (VSB No. 41908)
                                  E-mail: mdavis@spottsfain.com
                                  Spotts Fain PC
                                  411 East Franklin Street, Suite 600
                                  Richmond, Virginia 23219
                                  Phone: (804) 697-2035
                                  Fax: (804) 697-2135
                                  *Counsel for XL Group, Inc.*