**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| L. FOSTER CONSULTING LLC ) <br> ) <br>     Plaintiffs and Counter-Defendants, ) <br> ) <br> v. ) <br> ) <br> XL GROUP, INC. ) <br> ) <br>     Defendants and Counter-Plaintiffs. ) <br> ) | Civil Action No. <br> 3:11-cv-800 |

**L. FOSTER CONSULTING LLC'S**
**ANSWER & AFFIRMATIVE DEFENSES**
**TO XL GROUP, INC.'S COUNTERCLAIMS**

Counter-Defendant L. Foster Consulting LLC, ("Foster Consulting"), by counsel, hereby provides its Answer and Affirmative Defenses to the Counterclaims alleged by XL Group, Inc. ("XL Group").

## ANSWER

1. Admit.

2. Admit.

3. XL Group's allegations contained in Paragraph 3 call for a legal conclusion to which no response is required. To the extent this Paragraph requires a response, Foster Consulting admits the same.

4. XL Group's allegations contained in Paragraph 4 call for a legal conclusion to which no response is required. To the extent this Paragraph requires a response, Foster Consulting admits the same.

5. Admit.

6. Admit.

7. Foster Consulting admits that XL Group is a software development company that services the markets identified in Paragraph 7. To the extent the remainder of the allegations in Paragraph 7 require a response, Foster Consulting denies the same.

8. Foster Consulting admits that it performs the services listed in Paragraph 8, in addition to other services.

9. Foster Consulting admits to entering into a Sample Management Services Joint Venture Agreement ("Agreement") on or about August 12, 2009. Foster Consulting further admits that the Agreement speaks for itself. To the extent the allegations in Paragraph 9 require an additional response, Foster Consulting denies the same.

10. Foster Consulting admits that the Agreement, which is referenced in Paragraph 10, speaks for itself. To the extent Paragraph 10 requires a further factual response, Foster Consulting denies the same.

11. Foster Consulting admits that the Agreement, which is referenced in Paragraph 11, speaks for itself. To the extent Paragraph 11 requires a further factual response, Foster Consulting denies the same.

12. Foster Consulting admits that the Agreement, which is referenced in Paragraph 12, speaks for itself. To the extent Paragraph 12 requires a further factual response, Foster Consulting denies the same.

13. Foster Consulting admits that the Agreement, which is referenced in Paragraph 13, speaks for itself. To the extent Paragraph 13 requires a further factual response, Foster Consulting denies the same.

14. Deny.

15. Deny.

16. Foster Consulting admits that, among other things, it provided information to XL Group regarding the look and feel of the demonstration template screens which were also to be incorporated in the Clarity SM software.

17. Deny.

18. Foster Consulting admits that XL Group, in furtherance of and as part of its contribution to the Joint Venture, developed software to assist in the tracking of the distribution of pharmaceutical samples which would be used by Clarity in providing its sample management services (the "Software"). To the extent this Paragraph suggests that XL Group was the sole author and/or owner of the Software, Foster Consulting denies the same.

19. Foster Consulting admits that, among other things, it provided compliance rules to XL Group as XL Group developed the Software in furtherance of the Joint Venture.

20. Foster Consulting admits that it did not generate any of the programing language source code used to create the Demo. To the extent Paragraph 20 requires an additional response, Foster Consulting denies the same.

21. Foster Consulting admits that it did not generate any of the programing language source code used to create the Software. To the extent Paragraph 21 requires an additional response, Foster Consulting denies the same.

22. Deny.

23. Foster Consulting admits that, on or about December 22, 2009, Noven Pharmaceuticals, Inc. ("Noven") entered into a service agreement with XL Group, on behalf of the Joint Venture, to provide pharmaceutical sample management services.

24. Foster Consulting admits that, on or about June 2, 2010, Cornerstone Therapeutics, Inc. ("Cornerstone") entered into a service agreement with XL Group, on behalf of the Joint Venture, to provide pharmaceutical sample management service.

25. Foster Consulting admits that XL Group provided it with an accounting ledger on or about May 19, 2010. Foster Consulting further admits that the document speaks for itself. To the extent the allegations contained in Paragraph 25 require an additional response, Foster Consulting denies the same.

26. Admit.

27. Deny.

28. Foster Consulting admits that it provided an accounting of its contribution to the Joint Venture with an accompanying cover letter on or about August 15, 2010. Foster Consulting further admits that those documents speak for themselves. To the extent the allegations contained in Paragraph 28 require an additional response, Foster Consulting denies the same.

29. Foster Consulting admits that XL Group provided one of its many accountings to Foster Consulting in September 2010. Foster Consulting further admits that the document containing the accounting speaks for itself. To the extent the allegations contained in Paragraph 29 require an additional response, Foster Consulting denies the same.

30. Foster Consulting admits that XL Group provided one of many accountings in November 2010. Foster Consulting further admits that the documents containing the accounting speak for themselves. To the extent Paragraph 30 requires an additional response, Foster Consulting denies the same.

31. Foster Consulting admits that the Agreement, referenced in Paragraph 31, speaks for itself. To the extent Paragraph 31 requires an additional response, Foster Consulting denies the same.

32. Deny.

33. Deny.

### L. Foster Consulting's Response to Count One

34. Foster Consulting incorporates by reference the preceding paragraphs as if they were fully stated herein.

35. Foster Consulting admits that it and XL Group entered into the Agreement thereby forming the Joint Venture. Foster Consulting further admits that the details of the Joint Venture are contained in the Agreement which XL Group references at Paragraph 35. Foster Consulting admits that the Agreement speaks for itself. To the extent the allegations contained in Paragraph 35 require an additional response, Foster Consulting denies the same.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

40. Paragraph 40 contains a legal conclusion to which no response is required. To the extent a response is required, Foster Consulting denies the same.

### L. Foster Consulting's Response to Count Two

41. Foster Consulting incorporates by reference the preceding paragraphs as if they were fully contained herein.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Foster Consulting admits that the Agreement does not contain language that constitutes an express assignment of the copyright in the Software to Foster Consulting. To the

extent the allegations contained in Paragraph 46 require an additional response, Foster Consulting denies the same.

47. Foster Consulting admits that it is not the assignee of any express assignment of a copyright interest in the Software. To the extent the allegations contained in Paragraph 47 require an additional response, Foster Consulting denies the same.

48. Deny.

49. Deny.

50. Foster Consulting admits that it is part owner of the Software. To the extent the allegations contained in Paragraph 50 require an additional response, Foster Consulting denies the same.

51. Paragraph 51 contains a legal conclusion to which no response is required. To the extent the allegations contained in Paragraph 51 require a response, Foster Consulting denies the same.

52. Paragraph 52 contains a legal conclusion to which no response is required. To the extent the allegations contained in Paragraph 52 require a response, Foster Consulting denies the same.

### L. Foster Consulting's Response to Prayer for Relief

Foster Consulting denies XL Group is entitled to: a judgment in XL Group's favor ordering damages in an amount to be proven at trial; a declaration that Foster Consulting breached the Agreement's post-termination obligations by failing to pay its portion of the agreed upon final accounting losses in the joint venture; a declaration that XL Group is the sole author and owner of the copyright in the software developed for use in its joint venture with Foster Consulting; a declaration that XL Group's copyright not be considered in the final accounting of the joint venture's profit and losses; and any and all other relief sought by XL Group.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

XL Group's claims may be barred, in whole or in part, by the doctrine of unclean hands, including but not limited to, its conversion of the joint venture assets.

### Second Affirmative Defense

XL Group's claims may be barred, in whole or in part, as a result of XL Group's material breach of the Agreement and its obligations as a participant in the joint venture.

### Third Affirmative Defense

XL Group's claims may be barred, in whole or in part, as a result of XL Group's waiver of the same.

### Fourth Affirmative Defense

XL Group's claims may be barred, in whole or in part, based upon XL Group's own admissions as to the amount allegedly owed by L. Foster Consulting for purposes of Joint Venture Losses.

### Fifth Affirmative Defense

XL Group's claims may be barred, in whole or in part, because XL Group fails to state a claim upon which relief can be granted.

L. Foster Consulting reserves the right to assert further defenses as may be revealed during discovery, including but not limited to defenses based upon after-acquired evidence.

WHEREFORE, L. Foster Consulting demands judgment dismissing XL Group's Counterclaims with prejudice and awarding such additional relief as this Court deems just and proper.

                                                Respectfully submitted,

Dated: January 3, 2012                     _____/s/_____
                                                Damon W.D. Wright, Va. Bar # 40319
                                                Christopher S. Crook, Va. Bar #76636
                                                Venable LLP
                                                575 7th Street, NW
                                                Washington, DC 20004-1601
                                                Telephone: (202) 344-4000
                                                Fax: (202) 344-8300
                                                Email: dwdwright@venable.com
                                                                cscrook@venable.com

                                               *Attorneys for L. Foster Consulting LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of January, 2012, a true and complete copy of the foregoing Answer and Affirmative Defenses was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record:

Mary Elizabeth Davis
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, VA 23219
mdavis@spottsfain.com

|  |  |
|---|---|
| Date: January 3, 2012 | By: _____/s_____<br>Damon W.D. Wright, Va. Bar # 40319<br>Venable LLP<br>575 7th Street, NW<br>Washington, DC 20004-1601<br>Telephone: (202) 344-4000<br>Fax: (202) 344-8300<br>Email: dwdwright@venable.com<br><br>*Attorney for L. Foster Consulting LLC* |